DUFRESNE, Judge.
This matter arises from an expropriation proceeding brought by the Parish of Jefferson to acquire title to two portions of ground from the defendants for construction of a vehicular crossing. After some negotiations, the Parish filed this suit seeking to expropriate the property.
The matter was heard on the merits and the trial court rendered judgment awarding defendants the sum of $5,528.55, computed on the basis of 50$ per square foot. The record reveals the property was carried on the tax roll at an assessed value of $2.08 per square foot for the years 1978 and 1979 (the two years prior to trial) and that those taxes were paid. In addition, the judgment assessed the Parish with the payment of $500.00 for the expert testimony of the defendant’s appraisers and all costs of the proceedings, exclusive of attorney’s fees.
The defendants have been paid the sum of $5,528.55 pursuant to the court order. The defendants have appealed.
On appeal, there are three basic issues before us:
*810 1.) Whether the Parish Council is es-topped from expropriating property at less than the value established by the Tax Assessor;
2.) "Whether the amount of the trial court’s award is supported by the evidence; and
3.) "Whether the trial court is required to hold an evidentiary hearing to determine the amount of an expert’s fee.
Regarding the first issue, appellants argue the Louisiana Constitution of 1974 requires all real property be assessed by the Tax Assessor at a fixed percentage of its fair market value. Article 7 Section 18 of the Louisiana Constitution of 1974 provides in part as follows:
“(D) Valuation.
Each assessor shall determine the fair market value of all property subject to taxation within his respective parish or district except public service properties, which shall be valued at fair market value by the Louisiana Tax Commission or its successor. Each assessor shall determine the use value of property which is to be so assessed under the provisions of Paragraph (C). Fair market value and use value of property shall be determined in accordance with criteria which shall be established by law and which shall apply uniformly throughout the state.”
The Louisiana Legislature passed certain implementing requirements which are found in Louisiana Revised Statute 47:1957 B. Thus:
“B”. All property subject to taxation shall be listed and assessed at the proper percentage of its fair market value or use value as required by the constitution and laws of this state.”
The jurisprudence of Louisiana has held that assessed valuations at best can be considered a factor in determining value, but cannot be controlling.
Appellant’s argument as to estoppel is not applicable here.
The second issue concerning the amount of compensation awarded by the trial judge is purely a factual matter. A review of the evidence presented to the trial court does not substantiate that the trial judge’s award is manifestly erroneous and accordingly, it will not be disturbed here on appeal.
As to the third issue, in accordance with LSA-R.S. 13:3666 there is no requirement that the trial court must hold a separate evidentiary hearing on the amount of an expert’s fee. The trial court’s award of $500.00 expert fee to the defendant’s appraiser is within that court’s discretion and we find no abuse thereof.
For the reasons hereinabove expressed, the judgment appealed from is affirmed.
AFFIRMED.